PROVIDENT LIFE & ACCIDENT INS. CO. *v.* JEMISON.*

(Division B.   March 4, 1929.   Suggestion of Error Overruled March 4, 1929.)

[120 So. 836.   No. 27524.]

*Corpus Juris-Cyc References: Insurance, 33CJ, section 694, p. 32, n. 23.

For former opinion, see 120 So. 180.

*T. J. Wills,* for appellant.

*Haralson & Hall,* for appellee.

GRIFFITH, J.   Appellant urges with emphasis two grounds of supposed error in our former opinion in this case:

First, that we erred in sustaining the trial court in excluding the testimony of appellee's physician.   In the present contract of insurance there is this provision: "If the Insured is disabled by 'such injury' or 'such sickness' for more than thirty days, he or his representatives shall, as a condition precedent to any liability of the company hereunder, furnish the company at its principal office in Chattanooga, Tennessee, every thirty days thereafter (or as near thereto as may be reasonably possible) with a report in writing from his attending physician or surgeon, fully stating the condition of the Insured and the probably duration of his disability."   It is argued that this provision is a waiver of the statutory privilege against the introduction of a physician without the consent of the patient, and that our holding is contrary to that of the court in *Sovereign Camp, Woodmen of the World* v. *Farmer,* 116 Miss. 626, 77 So. 655.   The provision in the policy in the latter case was as follows: "I further waive for myself and beneficiaries the privileges and benefits of any and all laws which are now in force or may hereafter be enacted in regard to disqualifying any physician from testifying concerning any information obtained by him in a professional capacity."   A comparison of the two provisions is all the argument necessary, as we think, to show that the provision here involved does not come within that in the Farmer case.

Second, that we erred in granting judgment against appellant because, as appellant says, it is admitted in the record that the insured did not comply with the stipulation aforesaid to furnish the insurer every thirty days with the written reports therein required. It is suggested that the court must have overlooked this feature of the case, and also the consociated stipulation in the policy that "strict compliance on the part of the Insured and beneficiary with all the provisions of this Policy is a condition precedent to recovery hereunder, and a failure in this respect shall forfeit to the company all right to indemnity." The court did not overlook the matters mentioned, but candor compels us to confess that we did lose interest in it when we found in another part of the record the proof that the insured, well within the stipulated time, after discovering the outbreak of the sickness, sent the card furnished by the company for that purpose, advising the insurer of the said outbreak, and that the agent who wrote the policy thereupon informed the insured that the company had denied liability under it, and when in addition we found in the record the letter from the company within the period mentioned which fairly interpreted is a denial of liability on the health feature of the policy. We were and still are of the opinion that the overwhelming number of the authorities everywhere are correct in holding that, when an insurer has denied liability, no further reports are required from the insured.

We have written in response to the above suggestion of error that we might take occasion, solely in the hope that it may be helpful, to make some observations with respect to suggestions of error. It is not required in our supreme court, as is so generally the rule in other jurisdictions, that the losing party shall be put to the trouble of proceeding by the ancient method of a petition for a rehearing. With us, counsel or *amicus curiæ* are permitted the simple course of filing a further written

argument addressed to the opinion theretofore written. The liberality of the rule has led, however, to what we think are some abuses of it. Almost every day suggestions of error are coming in here in which it is quite freely asserted, in effect, that we have not read the record, or that we have not read it as to vital features therein, or that in effect we are denying to parties their rights under the law by inattention to our tasks, or, as was ventured in the instant suggestion of error, that if we persisted in our error "then the right to contract in this state will be denied by the solemn judgment of this court." We gladly, sometimes gratefully, receive suggestions of error—some of them are indispensably helpful. Nor do we expect at all that counsel shall come apologetically in the discharge of this important function, but boldly and manfully, we wish to see him stand up and labor with us when done in a respectful manner and when counsel has so thoroughly studied the complete record of his case, and the authorities applicable thereto, that he can be a help to the law, not a hindrance to us by wasting our time. In presenting a suggestion of error the partisanship of the advocate should to a degree be laid aside, and counsel should rise to the heights of a real master and minister in the law, for the time has then come when we are to consider finally what is to go into the books, rather than chiefly the mere result of a case.

*Overruled.*