## New York Life Ins. Co. v. Rosso.

(Division A. May 13, 1929. Suggestion of Error Overruled July 15, 1929.)

[122 So. 382. No. 27817.]

A. H. *Longino,* of Jackson, for appellant.

*Jones & Stockett,* of Woodville, for appellee.

Argued orally by *A. H. Longino,* for appellant, and by *A. H. Jones,* for appellee.

Cook, J., delivered the opinion of the court.

The plaintiff, Concitinna Rosso, instituted this suit in the circuit court of Wilkinson county against the New York Life Insurance Company on a policy of insurance for ten thousand dollars, issued by said insurance company on the life of her husband, Salvatore Rosso, now deceased, and payable at his death to the plaintiff. At the conclusion of the testimony, the court peremptorily instructed the jury to return a verdict for the plaintiff for the amount named in the face of the policy; and, from the judgment entered in pursuance of this instruction, this appeal was prosecuted.

The facts necessary to be stated to develop the material issues presented by the pleadings are as follows: On September 9, 1926, Salvatore Rosso, husband of the plaintiff, made a written application to the appellant company for a policy of insurance on his life for the face amount of ten thousand dollars, payable at his death to plaintiff, and providing for annual premium payments. In this application, it was mutually agreed that the insurance applied for should not take effect unless, and until, the policy was delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant had not consulted or been treated by any physician since his medical examination. Thereafter on the 17th day of September, in continuation of, and a part of, his said application, the said Rosso was examined as to his health and insurability by one of the medical examiners of the the appellant company. In due course the application was approved by the appellant company, and a policy, conforming to the application, was written and forwarded to the soliciting agent for delivery to Rosso; but it was declined for the assigned reason that Rosso had changed his mind in reference to the premium payments, desiring to have the policy changed so that the premium would

be payable semi-annually instead of annually. Pending negotiations, which lasted more than a month, the soliciting agent returned the policy to the home office of the appellant company, as it was his duty to do under his contract with, and instructions from, the appellant company, when a policy was not delivered within thirty days after its receipt by the agent.

Thereafter during the month of December, 1926, Rosso took steps to have the policy reissued on a semiannual premium basis, and, in furtherance of this purpose, on December 10, 1926, he signed and delivered to the agent a paper styled "Declaration by Applicant Before Delivery of New Policy," being form No. 224, which is in the following language:

"New York Life Insurance Company.

"Home Office, 346 Broadway, New York, New York.

"Declaration by Applicant before Delivery of New Policy.

"December 10, 1926.

"Policy No. 9602134 for ten thousand dollars.

"I hereby declare that since my answers to the company's medical examiner which formed Part II of my application for insurance dated September 17, 1926, I have not consulted or been treated by any physician or other practitioner; that there has been no change in my physical condition, mode of life, habits, or occupation; that I have not been examined by any other company or insurer either on or in anticipation of an application for new insurance or for the reinstatement of insurance on my life without a policy having been issued or the insurance reinstated, nor has any other company or insurer declined to issue or reinstate a policy on my life or offered to issue to me a policy different in plan or amount or premium rate from that applied for. If there are any exceptions or qualifications to the above write them out here fully (Received Dec. 20, 1926, Jackson Branch).

"The foregoing declaration is an amendment to and is hereby made a part of my said application and I hereby agree that the company, believing it to be true, shall rely and act upon it.

"SALVATORE Rosso, Applicant.

"P. O. Address, Woodville, Miss."

On December 17, 1926, Rosso submitted to a further medical examination as to his health and insurability, by the same medical examiner who examined him at the time he made the original application for insurance; and the certificate of the medical examiner was attached to, and made a part of, said declaration by applicant before the delivery of the new policy, form 224, the medical examiner therein and thereby certifying, among other things, in reference to the applicant's physical condition, that he was then in sound health and there was nothing abnormal in the applicant's condition or personal history. On December 21, 1926, Rosso made an amended, written application reading as follows:

"Amendment.

"Name Rosso                                    No. 9   602   134

"New York Life Insurance Company,

"346 & 348 Broadway, New York, N. Y.

"The New York Life Insurance Company will please accept the following answers in lieu of the answers to the corresponding questions in my application for insurance, dated the 9th day of Sept. 1926.

. . . . . . . . .

"Question No. 2 & 3. It is understood and agreed that the insurance is written with premiums payable semi-annually and to take effect as of Dec. 17, 1926.

. . . . . . . . .

"And I hereby agree that the above answers shall form a part of my application for insurance, the agreement in

which I hereby renew and confirm, and shall apply to any policy issued thereon. Dated Dec. 21, 1926.

"SALVATORE Rosso, Applicant.

"Witness: M. E. COLLUM."

Upon receipt of this amendment to the original application, the amended policy applied for was issued and sent to the soliciting agent at Woodville, Miss., for delivery to Rosso, and the policy was delivered in the early part of January, 1927. On the policy, as delivered, there were indorsed the original application together with the medical examination, which was made a part thereof, and the amended application, dated December 21, 1926, but the paper styled "Declaration by Applicant Before Delivery of New Policy," form 224, and the supplemental medical examination of the applicant, which was made a part thereof, were not indorsed on the policy. The policy contained a provision that: "The policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the insured shall, in absence of fraud, be deemed representations and not warranties, and no statement shall avoid the policy or be used in defense to a claim under it, unless it is contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued."

On the 15th day of June, 1927, Rosso made an application for sick benefits under the provisions of the policy, alleging therein that on or about January 8, 1927, he became totally disabled by sickness from engaging in any occupation whatever for remuneration or profit. Upon receipt of this application, the appellant company instituted an investigation and discovered certain alleged facts, which were made the basis of certain pleas filed in defense of this suit, and on August 1, 1927, addressed to Rosso a letter calling attention to the fact that in the original application he had agreed that the insurance thereby applied for should not take effect unless and

until the policy was delivered and received by him, and the first premium paid in full during his lifetime, and then only if he had not consulted or been treated by any physician since his medical examination; and that he had stated and represented to the appellant company in the answers and questions propounded by the medical examiner that he had not been under observation or treatment in any hospital, asylum, or sanitarium, and had not consulted any physician, or suffered from any of the ailments or diseases inquired about in said application and medical examination, which was a part thereof, and that within five years prior to his said application he had not consulted, or been examined or treated by, any physician at all, and further called attention to the declaration, by the applicant before delivery of new policy, signed December 10, 1926, in which the insured declared that since his answers to questions propounded by the company's medical examiner, which were attached to and made a part of the original application for the policy, he had not consulted or been treated by any physician or other practitioner; that there had been no change in his physical condition, mode of life, habits, or occupation; and that this declaration should be an amendment to, and made a part of, his said application. This letter further informed the insured that, from an investigation made in connection with his claim for disability benefits, the company had discovered that between the date of the said medical examination and the date of the delivery of the policy and the payment of the first premium thereon, he had consulted, and been treated by, a physician; that prior to the date of the said "Declaration by Applicant Before Delivery of New Policy," form 224, he had suffered from heart disease and other ailments and diseases; that on account thereof he had been under observation and treatment at the Chamberlain-Rice Clinic, at Natchez, where he had been X-rayed; and that he had been treated by physicians including Dr. J. F. Chamber-

lain, of Natchez, Miss.; that, therefore, under the circumstances, the insurance applied for never took effect, and in any event, that the company elected to, and thereby did, rescind the contract evidenced by the said policy because of his failure to disclose in his said application and the said declaration by applicant before delivery of new policy, material facts as to his insurability, and that in order to restore the *status quo*, the company therewith tendered a return of all amounts received by it on account of premiums paid on said policy with interest. As such tender, there was inclosed with this letter the company's check for nine hundred ninety-eight dollars and forty-seven cents. On October 7, 1927, Rosso returned this check to the appellant company in a letter saying: "My policy of insurance with your company being in full force and effect, I beg to return the inclosed check which you sent me sometime ago." On October 28, 1927, the said Salvatore Rosso died, and, upon presentation of demand for the payment of the amount named in the policy, the appellant denied liability therefor and refused payment of said sum; hence this suit.

In order that the material issues may be developed, it will not be necessary to state the substance of the voluminous pleadings, which cover more than ninety pages of the record. The appellant filed a plea of the general issue and several special pleas, the first and second of which charged, in effect, that the said Rosso, in his application for insurance, mutually agreed with the appellant company that the insurance should not take effect if the applicant had consulted, or been treated by, any physician after the date of his medical examination on September 17, 1926, and before the delivery of the policy applied for; that Rosso violated said agreement in that after his said medical examination, and before the delivery of the policy, he consulted with, and was treated by Dr. J. F. Chamberlain and other physicians on the 8th and 9th of December, 1926, having a disease of which

he soon thereafter died; that said facts were well known to Rosso before the policy was delivered to and received by him, but were unknown to the appellant until long thereafter; that it was the duty of the said Rosso to have made known to the appellant these facts, and for these reasons he violated the provisions of said application, and the policy never took effect. The third and fourth pleas reiterated the charges of the first and second, and also charged that, in view of such facts, the applicant perpetrated a fraud on the appellant, and the agent who delivered the policy was, therefore, without authority so to do. The substance of these pleas, and the defenses relied on, are summarized by counsel for the appellant in the following language: "First. That the policy sued on never went into effect because the said Salvatore Rosso violated the precedent conditional agreement which he entered into. Second. That the said Rosso procured the policy by means of false and fraudulent representations, concealments and violated warranties about material matters as to his health and insurability."

In avoidance of the defenses presented by the pleas of appellant, the appellee filed numerous replications charging, among other things, that prior to the delivery of the policy the appellant demanded and required of Rosso, the insured, that he make, and subscribe to, another, further, and additional application for the insurance, being an application styled "Declaration by Applicant Before Delivery of New Policy" as an amendment to and a part of the original application; that the appellant admitted and agreed that the additional application made by the insured for a change in premium payments, and the papers styled "Declaration by Applicant Before Delivery of New Policy" were amendments to and parts of the said original application dated September 9, 1926; that prior to the delivery of said policy of insurance the insured did make and subscribe to such other further and additional application styled and named

"Declaration by Applicant Before Delivery of New Policy," and did undergo another further and additional medical examination by the appellant's medical examiner, as required by the appellant, and that a copy of the entire application, including all medical examinations, was not indorsed upon, or attached to, said policy when issued and delivered; that no copy thereof was delivered to the insured with the policy, and, therefore, by virtue of the provisions of the policy that "no statement shall avoid the policy or be used in defense to a claim under it unless it is contained in the written application, and a copy of the application is indorsed upon, or attached to this policy when issued;" and also by virtue of the provisions of section 2675, Code of 1906 (section 5937, Hemingway's 1927 Code), the applicant was not permitted to deny that any of the statements in said application were true.

By subsequent pleadings, issue was joined upon the question of whether or not the paper signed by the applicant on December 10, 1926, styled "Declaration by Applicant Before Delivery of New Policy," which was executed on demand of the applicant before the policy was delivered, was an amendment to and a part of the original application of September 9, 1926; and, if so, did the failure of the appellant to indorse this application upon, or attach it to, the policy, or to deliver to the insured with the policy a copy of said application, form No. 224, bring into operation against the appellant the prohibition of section 2675, Code of 1906 (section 5937, Hemingway's 1927 Code), and that part of the policy contract reading as follows: "No statement shall avoid the policy or be used in defense to a claim under it, unless it is contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued."

Any contention that the paper executed by the insured on December 10, 1926, and styled, "Declaration by Ap-

plicant before Delivery of New Policy," was not a part
of the application for insurance, cannot be successfully
maintained. On the face of the declaration itself, which
was prepared by the appellant company and presented
to the applicant with the requirement that he sign the
same before any policy would be delivered, it was recited
that "the foregoing declaration is an amendment to, and
is hereby made a part of my said application," the "said
application" referred to being therein stated to be the
application dated September 9 and 17, 1926; that this
declaration was intended to be and was understood and
construed by the appellant company to be a part of the
application for insurance is made manifest by a reading
of letters written by the appellant, through its vice presi-
dent, to the insured and the beneficiary, the substance of
which are hereinbefore set forth. In these letters, which
were dated August 1, 1927, there is the declaration by the
appellant company to the insured that "under date of
December 10, 1926, you signed a Declaration by Appli-
cant before Delivery of New Policy in which you de-
clared. . . . You further agreed that said declara-
tion should be an amendment to, and made a part of, your
said application, and that the company believing it to be
true should rely and act upon it."

This declaration of December 10, 1926, being then
clearly a part of the application for insurance—what was
the effect of the failure of the appellant to indorse upon
or attach to the policy, when issued, or to deliver to the
insured with the policy, a copy of said declaration? The
policy contract provided that "all statements made by
the insured shall, in the absence of fraud, be deemed rep-
resentations and not warranties, and no statement shall
avoid the policy or be used in defense of a claim under
it, unless it is contained in the written application, and a
copy of the application is indorsed upon or attached to·
this policy when issued," while section 2675, Code 1906
(section 5937, Hemingway's 1927 Code), provides that:

"All life insurance companies doing business in the state of Mississippi shall deliver to the insured with the policy, certificate or contract of insurance in any form a copy of the insured's application, and in default thereof said life insurance company shall not be permitted in any court of this state to deny that any of the statements in said application are true."

A copy of the amendment to the application, which was dated December 21, 1926, and provided merely for premium payments semi-annually instead of annually, was indorsed on the policy when issued and delivered. This amendment contained the recitation that "I hereby agree that the above answers shall form a part of my said application for insurance, the agreement in which I hereby renew and confirm, and shall apply to any policy issued thereon;" and the only effect of this recital was to renew or reassert the truthfulness of the statements and representations as to the applicant's health and insurability as of the date of the original application, which was executed in September, 1926. The period of time intervening between the date of his medical examination on September 17, 1926, and December 10, 1926, was covered by the declaration which the appellant was required to sign on the latter date, and in which he declared that he had not consulted or been treated by any physician or other practitioner since his said previous medical examination, and that since said date there had been no change in his physical condition, mode of life, habits, or occupation. But this decaration, which was by the terms thereof expressly made a part of the application, was not indorsed upon, or attached to, the policy when issued and delivered, and no copy thereof was delivered to the insured with the policy. At the trial of the cause, appellant offered, and over the objection of the appellee was permitted, to introduce the testimony of two physicians to the effect that on December 8, 9, and 10, 1926, the insured had consulted them with reference to his physical con-

dition, and that on said dates they had him under observation in the Chamberlain-Rice Clinic, at Natchez, Miss., and made a physical examination of him, including numerous X-ray pictures, and found that he was suffering from serious bodily defects and diseases, their opinion being that he was suffering from chronic gall bladder disease, and other physical defects resulting therefrom. This testimony was introduced over the objection of the appellee, and a motion to exclude the same was overruled; but, at the conclusion of all the testimony the jury was peremptorily instructed to return a verdict for the appellee. If this testimony of these physicians was admissible under the provisions of the policy, and under the statute (section 2675, Code 1906, section 5937, Hemingway's 1927 Code), the granting of this peremptory instruction was erroneous.

In the case of *Sovereign Camp, Woodmen of the World,* v. *Farmer,* 116 Miss. 626, 77 So. 655, in discussing the effect of this statute, the court held that: "This section of the Code creates not a rule of evidence, but a rule of substantive law, for it deals not with the method of proving a fact, but with the substantive rights of both the insurer and insured under a policy which has been delivered to the insured without a copy of the application therefor attached thereto, and its provisions became a part of the contract here entered into to the same extent as if appellant had expressly agreed in its certificate not 'to deny that any of the statements in said application are true.' "

In the case at bar, the appellant did expressly agree in this policy of insurance that "no statement shall avoid the policy or be used in defense of a claim under it, unless it is contained in the written application and a copy of the application is indorsed upon, or attached to the policy when issued;" and the testimony of these physicians tended to prove, and was offered for the purpose

of proving, the falsity of the representation contained in this declaration, that since the date of his original application he had not consulted or been treated by any physician, and there had been no change in his physical condition, mode of life, habits, or occupation. The representation that the applicant had not consulted nor been treated by a physician since the date of the original medical examination of the appellant on September 17, 1926, was contained in that part of the application for the insurance which was not indorsed on or attached to the policy when issued and delivered and of which a copy was not delivered to the insured with the policy.

By the express terms of the statute quoted above, upon the failure of the appellant company to attach to, indorse on, or deliver with the policy, this component part of the application, the appellant was prohibited from denying that any of the statements therein were true, and, therefore, this testimony offered to show the falsity of such statements was inadmissible. There was no proof to show, and it was not permissible to show, that there had been any change in the physical condition of the applicant since the date of his original physical examination, and no proof of fraud on the part of the applicant in making the original application; and in such case, it was held in the case of *New York Life Insurance Co.* v. *Smith*, 129 Miss. 544, 91 So. 456, that: "Where an application for a life insurance policy, which by its terms became a part of the contract of insurance, provides, among other things, that the policy applied for shall not take effect until delivered to and received by the insured during his lifetime, 'while in good health,' and the evidence shows that the insured, although not in good health, was in the same condition of health at the time of the delivery of the policy as he was at the time of his application therefor, the said provision in the application was not violated, because it only meant that the defendant's health had not

212

undergone any change between the date of the application for and the delivery of the policy."

It follows from the views herein expressed that the court below committed no error in directing a verdict for the appellee, and, therefore, the judgment of the court below will be affirmed.

*Affirmed.*