NATIONAL LIFE & ACCIDENT INS. CO. *v.* PRATHER.

(Division A. April 9, 1934.)

[153 So. 881. No. 31136.]

Cooper & Thomas, of Indianola, and **Ben Wilkes**, of Greenville, for appellant.

B. B. Allen, of Indianola, for appellee.

**Cook, J.**, delivered the opinion of the court.

Appellee instituted this suit in the circuit court of Sunflower county against the appellant, National Life & Accident Insurance Company, on an employee's disability insurance policy which was written and issued while the appellee was employed by said company as an agent. On the conclusion of the evidence in the trial in the court below, the jury was peremptorily instructed to return a verdict in favor of appellee, and from the verdict and judgment entered in pursuance of this instruction this appeal was prosecuted.

The appellant company required all applicants for em-

ployment with it to execute a written application therefor on a prescribed form, and in connection therewith and as a part thereof to undergo a physical examination. Upon the acceptance of this application the employee was entitled to insurance in said company without further application or examination. This application and physical examination covered matters usually found in applications for life, health, and accident insurance, and contained the following express agreement on the part of the applicant: "I hereby agree that the above statements and answers are true and made as inducements to my employment and that any misrepresentation or suppression of facts material to the risk shall automatically exclude me from participation in any life, health or accident insurance which may at the time of or later be conditioned on such employment; provided that after two 'years employment, continuous from date hereof, the aforesaid statements shall be deemed and taken to be true regardless of any evidence to the contrary."

After the appellee was employed by appellant, he applied for the insurance to which he was entitled, and a policy was issued which insured him "against loss of time caused by total disability beginning while this policy is in force and resulting from either bodily sickness contracted while this policy is in force, or bodily injury effected accidently and sustained while this policy is in force;" and the company thereby agreed "to pay to the insured indemnity in the amount herein provided for the period of such total disability excluding the first week and not exceeding two years, provided the insured is under regular treatment of a licensed physician."

In addition to a plea of the general issue, the appellant pleaded, first, "that any disability from which the plaintiff may now be suffering is the result of an illness contracted prior to the date of the issuance of the policy sued on, and is not the result of an illness contracted while the said policy was in force;" and, second, "that the insured,

J. P. Prather, at the time the application for the policy
was made, and at the time the medical examination upon
which this policy was issued was made, wilfully withheld
from the defendant the information that he was seriously
affected with a disease from which his present condition
results.''

While there was some evidence tending to show that
the appellee could perform, at a sacrifice to his health and
physical well-being, some minor and incidental duties
about his home and farm, the evidence as a whole clearly
shows that he was totally disabled within the meaning
of health and accident insurance policies as construed in
former decisions of this court. The appellant offered evi-
dence tending to sustain its plea that the appellee's dis-
ability was the result of illness and disease contracted
prior to the issuance of the policy, and was not the result
of illness contracted while the said policy was in force.
Objections to this evidence were sustained, and the ap-
pellant assigns as error the action of the court in so do-
ing.

Section 5174, Code 1930, provides that: ''All life in-
surance companies doing business in the state of Missis-
sippi shall deliver to the insured with the policy, cer-
tificate or contract of insurance in any form a copy of the
insured's application, and in default thereof said life in-
surance company shall not be permitted in any court of
this state to deny that any of the statements in said ap-
plication are true.''

Other than the application for employment with the ap-
pellant company, there was no formal written application
for the policy here sued on, and no copy of any applica-
tion was delivered to the insured with the policy. But
the appellant contends that the above-quoted Code sec-
tion has no application here and cannot operate to pro-
hibit it from showing that appellee's disability resulted
from disease contracted prior to the issuance of the
policy, although such evidence may dispute or deny the

truthfulness of statements as to his health contained in his application for employment. All employees of the appellant are required to execute this formal application for employment, and on acceptance thereof by the appellant, such employees are entitled to insurance of the class here sued on without further application or physical examination. In the application, which contained representations pertaining to the health and medical history of the applicant that were material to an insurance risk, it was expressly agreed that any misrepresentations or suppression of fact material to the risk should automatically exclude the applicant from participation in any life, health, or accident insurance that might be conditioned on such misrepresentation. The questions and answers appearing on this application are devoted almost entirely to matters bearing upon the health of the applicant at the time of and prior to the date of the application. The physician's report of his physical examination of the applicant, which was attached to and made a part of the application, pertains to matters material to an insurance risk, and whatever may have been the incidental purpose of this application, it is manifest that its main purpose was to determine the insurability of the applicant, who, on acceptance of the application, would be at once entitled to demand insurance without further application or examination. The application was in legal effect an application for insurance, and since a copy thereof was not delivered to the insured with the policy issued in reliance thereon, the evidence tending to show the untruthfulness of statements therein in reference to the health of the insured at the time of and prior to the date of the application was properly excluded. Sovereign Camp, W. O. W., v. Farmer, 116 Miss. 626, 77 So. 655; Metropolitan Life Ins. Co. v. Scott, 160 Miss. 537, 134 So. 159.

Affirmed.