NATIONAL LIFE & ACCIDENT INS. CO. *v.* PRATHER.

(Division B. May 6, 1935.)

[161 So. 117. No. 31710.]

Ben Wilkes, of Greenville, and Cooper & Thomas, of Indianola, for appellant.

**Allen & Allen,** of Indianola, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

J. P. Prather brought suit in the chancery court of Sunflower county against the National Life & Accident Insurance Company for a disability under a policy of insurance issued by said company to its employees, upon an application for employment under which, if the applicant passed the physical examination, he could procure the insurance. Under the terms of the policy, appellee was entitled to twenty-five dollars per week for a total disability, and he alleged in his bill that he became totally disabled during the life of the policy, and that he was paid, at one time, one hundred twenty-five dollars; that he undertook to go back to work after that, but during the first week in August, 1931, he again became sick and disabled, never having recovered from the aforesaid ailments, and that the insurance company, the appellant here, notified him that, on account of his said disability, they could use him no longer, and that, for

that reason, he ceased to perform services for the company. He further alleged that, in a former suit, National Life & Accident Ins. Co. v. Prather, 169 Miss. 898, 153 So. 881, he recovered a judgment upon said policy, and that his physical condition under which said recovery was had on the policy continued to, and now exists; and he prayed for a judgment for said disability amounting to two thousand one hundred twenty-five dollars and seventy cents and interest. A copy of the insurance policy was made an exhibit to the bill, which policy provided for insurance against loss of time caused by total disability while the policy was in force, resulting either from bodily sickness contracted while the policy was in force, or bodily injury, and the policy also agreed to pay the insured the indemnity specified for the period of total disability, including the first week and not exceeding two years, provided the insured is under the treatment of a licensed physician. It is also provided in the policy that it does not cover any disease contracted, or injury sustained, while the insured is doing any act or thing not pertaining to his duties as an employee of the insurance company, and that said policy is not subject to termination while the insured is in the company's employment, but automatically terminates when such employment is terminated, but without prejudice to any claim for total disability beginning before date of termination.

The suit at bar was brought by attachment, and certain banks were made parties thereto. The insurance company gave bond to discharge the funds impounded in the banks, and demurred to the bill, which demurrer was overruled, and the insurance company then filed its answer admitting the execution of the policy sued on, but denying that the appellee became sick as alleged in the bill, or that he became totally disabled from performing any duties pertaining to any business or oc-

cupation. Appellant admitted the payment of one hundred twenty-five dollars, claiming that it did so upon an erroneous idea that appellee was entitled to same, but denied that the appellee had the affliction complained of, and denied that said disability, if any existed, arose while the policy was in force, and that as a result thereof the appellee was prevented from performing any duty pertaining to any business or occupation for a period of two years. Appellant admitted that the appellee entered suit in the circuit court of Sunflower county, at the March, 1932, term thereof, and secured judgment for one hundred twenty-five dollars to compensate him for a disability which he claimed existed up to the date of filing that suit, which judgment the appellant paid, but denied that any liability was fixed except as of the date of the filing of said suit.

The appellant sought to show, by the evidence in the case at bar, as it did in the preceding case, that the disability did not have its origin during the term of employment, nor subsequent to the date of the policy, but that it had pre-existed, and that the appellee had sought to secure compensation from the United States government on a claim that such disability was connected with his service in the World War.

There was no sufficient proof by the appellant to show that the appellee was not suffering from a present disability nor that he was not disabled during the period involved in this suit.

The court excluded the evidence in the present case tending to show, and designed to show, that the disability from which the appellee was suffering was not one accruing under the policy, but one antedating the policy.

The former suit upheld the validity of the policy and the rights of the appellee to recover under its terms. National Life & Accident Ins. Co. v. Prather, supra. The appellant seeks here to avoid the effects of this decision

by the contention that the former suit was based upon statements in the application for employment, which statements and application were not made a part of the policy, but were held by the court on the former appeal to be, in effect, an application for insurance, and, not having been attached to the policy, the appellant could not defend upon same. Of course, this was subject to be pleaded and set up in the former suit, and, not having been so set up, it cannot now avail the appellant to avoid the effects of the former decision.

The rule with reference to res adjudicata is that, not only are matters included which are actually pleaded, but all matters which could have been set up in a former suit. See Mississippi Digest Annotated, Judgments, sec. 713; Dean v. Board of Supervisors, 135 Miss. 268, 99 So. 563; Bates v. Strickland, 139 Miss. 636, 103 So. 432, and other cases cited in the Mississippi Digest.

The former judgment concluded the liability under the policy, and there was no sufficient evidence to show that the disability did not exist and continue during the period between the filing of the former suit and the filing of the suit at bar. Therefore the judgment of the court below is correct and will be affirmed.

Affirmed.