## KNIGHTS OF MACCABEES OF THE WORLD *v.* COLEMAN.

[91 South. 561. No. 22458.]

1. INSURANCE. *Statute held to repeal provision preventing insurer from contradicting statements in application, unless copy thereof was furnished insured.*

Chapter 206, Laws of 1916, brought forward, revised and amended all statutes on the subject of the regulation and control of fraternal benefit societies, and by section 4 thereof necessarily repealed, so far as such societies are concerned, section 2675, Code of 1906 (Hemingway's Code, section 5141), which latter statute provided that all life insurance companies doing business in this state should deliver to the insured with the contract of insurance a copy of his application, and in default thereof such life insurance company should not be permitted in any court of this state to contradict the truth of the statements contained in such application.

2. INSURANCE. *Excluding evidence of fraudulent representation in application for reinstatement of insured held error.*

A benefit certificate was issued in 1908 by a fraternal society to the deceased, the husband of plaintiff, who sued thereon; when issued said section 2675, Code of 1906 (Hemingway's Code, section 5141), was in force. In 1920 deceased, having forfeited his rights under said benefit certificate by nonpayment of dues, was reinstated, as provided by the constitution and laws of the society, on the payment of such delinquent dues and a showing of good health in his application for reinstatement. When said reinstatement took place said section 2675, Code of 1906 (Hemingway's Code, section 5141), had been repealed so far as fraternal orders were concerned by section 4, chapter 206, Laws of 1916. The defendant society defended on the ground that in such application for reinstatement the insured falsely and fraudulently represented that he was in good health, when in truth and fact he was suffering with Bright's disease and tuberculosis. The trial court ruled out such evidence on the theory that said statute (section 2675, Code of 1906; section 5141, (Hemingway' Code) governed. *Held*, the ruling of the trial court was erroneous; that the statute in force at the time of the reinstatement of the insured governed, and not that in force at the time the original certificate was issued.

APPEAL from circuit court of Lauderdale county.

Hon. J. D. Fatheree, Judge.

Suit by Mrs. Mamie Coleman against the Knights of the Maccabeees of the World to recover on a fraternal benefit policy. Judgment for plaintiff, and the defendant appeals. Reversed and remanded.

*A. J. Calhoun* and *Baskin & Wilbourn,* for appellant.

The issue raised was as to whether or not the reinstatements were valid; that is, whether or not the applications for reinstatement were true or whether or not Arthur Coleman violated the warranties of his applications for reinstatements.

The proof offered showed that he did violate the warranties of his applications for reinstatements, and that he was reinstated on the faith of his applications for reinstatements, and that their falsity was not known or discovered until after his death.

All this proof was excluded by the lower court because of section 2657 of the Code of 1906, and we respectfully submit that counsel for appellee misconceives section 2675, Code 1906, and also our contentions with reference to said section. True, we insist that it never did apply to fraternal benefit societies, and of course do not care to repeat our argument on that point. But we also contend that if it did apply to fraternal benefit societies, it has not so applied since the Act of 1916, section 5176, Hemingway's Code.

There was no forfeiture of the policy until January 1, 1920, by reason of failure to pay December, 1919, assessment. When the forfeiture occurred, there were no further rights under the certificate.

If the said Arthur Coleman or his beneficiaries were to have any further rights, the said Arthur Coleman had to contract anew for those rights. Either he had to get an entirely new certificate or to make an entirely new contract to continue the forfeited certificate in effect. In either

event he must make a new application based upon the existing facts. Having forfeited the original contract, he had nothing that either was or could be impaired by such legislation as had accrued since the original contract. Therefore, when Arthur Coleman applied to be reinstated in January, 1920, and again in August, 1920, he dealt anew with the appellant, at a time when the appellant was not required to give him a copy of his application, and he was not entitled to it.

The application for reinstatement was the basis of a new contract. The fact that in the application for reinstatement it was stipulated that the answers and statements were thereby made a part of the original application, does not result in making section 2675 a part of the new contract resulting from the reinstatement. The parties did not so expressly agree. The law did not then so require.

Since in 1920, the date of the applications for reinstatement, the law did not read into the contract then being made between the parties section 2675, and since they did not so expressly agree, this court has no jurisdiction to make that a part of their contract of reinstatement which the law did not require and they did not specify. By merely reaffirming the original application, and making it with the application for reinstatement incorporated therein, a part of the contract thereafter to exist between the parties, neither one stipulated for or agreed that section 2675 of Code of 1906, then no longer applicable, was to continue to apply and therafter should affect their contractual relations. Nor does such result follow logically as a matter of law from the acts of the parties.

Since the policy was admittedly forfeited, and since whatever method or form was pursued in 1920, the resulting contract, whether a reinstatement or a new certificate, was the result of new negotiations, between the parties not then bound to each other by the old certificate unless they should so agree, and unless conditions then claimed to exist were warranted to be, and were actually true, and since section 2675 was not applicable in 1920, the court

erred, we submit, beyond all controversy, regardless of whether or not section 2675 originally applied to fraternal beneficiary societies.

If the reinstatements be viewed simply as an agreement to cancel a forfeiture and restore the validity of the original certificate, the same reasoning applies, for when the application for reinstatement was made there was no law requiring a copy thereof to be given the holder of the certificate. The agreement to cancel the forfeiture and restore the policy, if such it is, is itself a new contract, based upon the application for reinstatement.

The authorities relied on by the appellee are decisions upon statutes worded differently from section 2675, and are inapplicable to the case at bar. Counsel rely on case of *Metropolitan Life Insurance Company* v. *McTague,* 49 N. J. L. 587, 60 Am. Rep. 661. But we submit that this case does not sustain appellee's position. The case does not deal with the question of the effect to be given our statutes, Act 1916, sections 4 and 20, Hemingway's Code, sections 5176 and 5192: In that case it was held that it was the intent of the parties to revive the forfeited policy with all its original terms by a new contract which incorporated into it additional terms—The case also involved an ordinary life insurance company—Appellee also cites *Metropolitan Life Insurance Company* v. *Burch,* 39 Appeal Cases, District of Columbia, p. 397, but, we submit that this case does not aid her. It was an instance of an ordinary life insurance policy.

No question of impairment of contract rights is involved, appellee's decisions are inapplicable and we submit appellant is entitled to a reversal.

*C. B. Cameron,* for appellee.

The appelant's main contention in the case at bar is that section 2675 of the Code of 1906, does not apply, because the legislature in 1916 passed the Fraternal Benefit Act and did not bring forward in said act, section 2675 of

Code of 1916, and hence it is inapplicable to the present case and in addition thereto, they contend that by reason of the fact the applications for re-instatement were made by the insured subsequent to the passage of the Fraternal Benefit Act in 1916, and no question being raised as to the truthfulness of statements made by insured in his original application for insurance, that the appellant was not required to attach to nor deliver to the insured copies of his applications for re-instatement under the Fraternal Benefit Act in force at the time in this state.

In answer to this proposition the appellee contends: 1. That section 2675 of the Code of 1906, was a part and parcel of the contract of insurance between the appellant and the insured and that its requirements being substantive law, the same could not be impaired by the legislature under and by virtue of the constitutional provision which renders it impossible for the legislature to enact any law which would in any way, impair the obligation of an existing contract.

This court will keep in mind that this contract of insurance was made during the year 1908 and had been in force for practically eight years at the time of the enactment in 1916, by the legislature of the Fraternal Benefit Act and in addition thereto, each of the applications for re-instatement, expressly contain the following provisions among other things: "The said foregoing answers and statements are hereby made a part of my original application and with the same force and effect as if they were inserted in and were a part of the original applications, which application, certificate of membership, articles of association, and the laws of the association in force at my death or disability, shall constitute the contract between myself and the Maccabees."

Thus it appears that the original application for insurance was made before the Act of 1916, and the applications for re-instatement were expressly made a part of the original application by virtue of the language used in said applications for reinstatement and hence the application for

reinstatement by reason of said reference and agreement were made a part of the original application with the same force and effect as if they had been written in the original application.

In other words, the insured's original application and his subsequent applications for reinstatement were part and parcel of each other and in their entirety were considered by the insurer and the insured as one application and this being undisputed there can be no question but that section 2675 of the Code of 1906, applied to the application for reinstatement.

On the question as to whether or not, this section of the code refers to applications for reinstatement, I desire to call the court's attention to the following authorities:

Copy of Application for Renewal or Reinstatement to be Annexed: 1 Joyce on Insurance, section 190J, page 505; *Goodwin* v. *Providential Savings Life Assurance Society,* 97 Iowa, 226; 32 L. R. A. 473; 59 Am. State Rep. 411; 66 N. W. 157; *Metropolitan L. Ins. Co.* v. *Burch,* 39 App. D. C. 397. Directly in point as to reversals being embraced under statute similar to 2675, Code 1906. *Prudential Life Insurance Co.* v. *Gilligan,* from the circuit court of Ohio December term, 1905, reported in 28 Ohio circuit court, decisions, at page 609; *Fisher* v. *Fidelity Mutual Life Assoc. of Philadelphia,* decided by the supreme court of Pa. on October 17, 1898, and reported in 41 Atlantic Reported, at page 467; *Association* v. *Musser,* 120 Pa. St. 389, 14 A. T. L. 158; *New York Insurance Co.* v. *Hamberger* from the supreme court of Michigan, reported in 140 N. W. at page 510; *Rauen* v. *Insurance Co.,* 129 Iowa, 726, 106 N. W. 201; *Insurance Co.* v. *Bank,* 48 Kan. 393, 29 Pac. 576; *Insurance Co.* v. *Bank,* 48 Kan. 397, 29 Pac. 578; *National Life Assoc.* v. *Berkeley,* 97 Va. 571, 34 S. E. 469; *Sovereign Camp of W. O. W.* v. *Salmon* decided by the court of appeals of Kentucky and reported in 120 N. W. at page 358; *Am. Guild* v. *Wyatt,* 30 Ky. Law Rep. 632, reported in 100 S. W. 266, and also the case of *Hunziker* v. *Knights of Honor,* 117 Ky. 418, reported in 78 S.

W. at page 201; see, also, the case of *Continental Cas. Co.* v. *Harrod,* 30 Ky. Law, page 1117, reported in 100 S. W. 262.

To the same effect is the case of *Mullen* v. *W. O. W.,* from the supreme court of Iowa, reported in 122 N. W. 903. See, also, the cases of *Seiler* v. *Life Assoc.,* 105 Iowa, 87, quoted in 74 N. W. 941; also case of *Johnson* v. *Des Moines Life Ins. Co.,* 105 Iowa, 273, reported in 75 N. W. 101; *Corson* v. *Ins. Co.,* 113 Iowa, 641, reported in 85 N. W. 806; Bacon on Fraternal Insurance, section 176; *McConnell* v. *Iowa Mutual Aid Assoc.*

The application for reinstatement of insurance did not make a new contract but when accepted by the insurance company merely revived and renewed the insurance. *Metropolitan Life Ins. Co.* v. *McTague,* 49 N. J. L. 587, 9 An. 766, 60 Am. Rep. 661, which had lapsed by reason of the non-payment of dues and the applications for reinstatements being neither attached to or delivered to the insured with the certificate of insurance then held by him and a failure so to do precluded the appellant from showing on the trial of this case that the statements made by the insured in his application for reinstatement were untrue.

The legislature could not pass any law which could, in any way, impair the contract which existed between the insured and the insurance company in this case, and if section 2675 of Code of 1906, is a rule of substantive law and a part of the contract of insurance between Arthur Coleman and the Maccabees, then the legislature of the state of Mississippi cannot legally change this contract relieving the insurance company from a compliance with the terms of section 2675 and thereby permit the insurance company to deny the truthfulness of the statements made in application for reinstatement.

ANDERSON, J., delivered the opinion of the court.

The appellee, Mrs. Mamie Coleman, sued and recovered judgment against the appellant, Knights of Maccabees, in

the sum of nine hundred dollars, with six per cent. interest thereon from March 26, 1921, from which appellant prosecutes this appeal. The suit was founded on a fraternal benefit policy issued by the appellant to the husband of the appellee, Arthur Coleman, in which certificate appellee was named as beneficiary in case of the death of the insured. The insured, Arthur Coleman, became a member of appellant's fraternal order and received said benefit certificate from said society in 1908, and continued a member therein, paying the dues required to keep said benefit certificate in force, until the latter part of 1919, when he forfeited said benefit certificate by nonpayment of such dues. In the early part of 1920 the insured made application to the appellant for reinstatement. Under appellant's constitution and by-law the insured was entitled to such reinstatement upon a showing of good health and on payment of all delinquent dues. Such regulations were complied with, and the insured was thereupon reinstated as a member of appellant's order, with said original benefit certificate in full force. Later in the year 1920 the insured again forfeited his membership and rights under said benefit certificate, for nonpayment of dues, and was again reinstated on application showing good health at the time, and the payment of dues delinquent. He died on March 26, 1921.

Appellant gave notice under the general issue that it would prove on the trial, among other things, by way of defense, that appellee was not entitled to recover because the insured procured both of said reinstatements through false and fraudulent representations in this, that in each of said applications for reinstatement he represented that he was at the time in good health, when the truth was on each of said occasions he was suffering from Bright's disease and tuberculosis, and that the insured knew that to be a fact, while appellant did not, and on the faith thereof said insured was reinstated. Each of said applications for reinstatement contained among others, this stipulation:

"I, the said applicant, having verified each of the foregoing answers and statements, adopt them as my own whether written by me or not, and declare and warrant that they are full, complete and literally true, and I hereby agree that the exact literal truth of each shall be a condition precedent to any binding contract between myself and the association."

The court on motion struck out all that part of appellant's notice under the general issue which sought to set up the defense that each of said reinstatements had been procured by fraud. On the trial appellant offered to prove the facts constituting such defense, which evidence the trial court ruled out; and after all the evidence was in directed the jury to return a verdict for appellee, which was accordingly done.

The action of the trial court was based on the theory that under the law appellant was barred from contradicting the representations and statements as to his condition of health, made by the insured either in his original application for membership and insurance made in 1908, or in his reinstatement applications made in 1920. There was not delivered to the insured, with the benefit certificate as originally issued to him by appellant in 1908, a copy of his application therefor; nor was there delivered to him by appellant copies of his said renewal applications made in 1920. By reason whereof appellee contends, and the trial court so held, that section 2675, Code of 1906 (section 5141, Hemingway's Code), which this court held in *Woodmen of the World* v. *Farmer,* 116 Miss. 626, 77 So. 655, applied to fraternal societies like appellant, controlled. That statute provides in substance that all life insurance companies doing business in this state shall deliver to the insured with the contract of insurance, a copy of insured's application, and in default thereof such company shall not be permitted in any court of this state to contradict the truth of the statements contained in such application. Appellant contends that the statute in question has no application, for the reason that said statute

was repealed by section 4, chapter 206, Laws of 1916, which latter statute governed said renewal applications made in 1920, the statements in which renewal applications appellant sought alone by its evidence ruled out by the trial court, to contradict. On the other hand, appellee says that, conceding the latter statute repealed the former, nevertheless the statute in force in 1908 when the insured applied for and received the benefit certificate in question, was by law written into and became part of the contract of insurance and that this resulted from the following language contained in said renewal applications:

"The said foregoing answers and statements are hereby made a part of my original application, and with the same force and effect as if they were inserted in and were a part of the original application, which application, certificate of membership, articles of association, and the laws of the association in force at my death or disability shall constitute the contract between myself and the Maccabees."

Chapter 206, Laws of 1916, brought forward and revised and amended all statutes on the subject of the regulation and control of fraternal benefit societies; and by section 4 thereof necessarily repealed section 2675, Code of 1906 (section 5141, Hemingway's Code), so far as such societies are concerned, which section is in this language:

"Sec. 4. *Exemptions.*—Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose. And no law hereafter enacted shall apply to them, unless they be expressly designated therein."

It follows therefore that when said renewal applications were made in 1920 there was no statute requiring copies thereof to be delivered to the insured when reinstated as the result of such applications, unless, as contended by appellee, by virtue of the stipulation last above copied, contained in such renewal applications, said statute (section 2675, Code of 1906; section 5141, Hemingway's Code) was by operation of law written into and preserved as part

of the contract, although there is no express reference thereto in said contract. Appellee cites authorities as sustaining that contention. We have examined them carefully, and none of them, we think, is at all decisive of the question. What was the intention of the parties sought to be expressed in the stipulation in question? We see no difficulty in getting the purpose from the language. It simply provides that the statements of the insured in the renewal applications are made part of the original application, and that they, together with the benefit certificate issued in 1908 and .the laws of the society in force at the death of the insured, shall constitute the contract between the parties. The central idea is to preserve and keep in force the provisions and stipulations of said certificate; for it should be borne in mind that when the insured was reinstated, a new benefit certificate was not issued to him. When the insured became delinquent and forfeited his membership and insurance in appellant, his contract of insurance was completely at an end; it was as if it had never been made; all he had left was that the laws of the society permitted him to be reinstated on payment of delinquent dues and a showing of good health. It is true that the insurance contract made in 1908 was governed by the statute in question in force at that time, and so continued to be until the insured put an end to that contract by his own default. But when the insured was reinstated in 1920, which simply made a new contract out of the old one, another and different statute (chapter 206, Laws of 1916) was in force and governed the rights of the parties, which declared a policy exactly the converse of the former statute. The statement, often found in the law books, that the governing law is considered as written into all contracts, whether therein referred to or not, is not to be taken literally. It does not mean that every subsequent change in or renewal of a contract is governed by the law in force when originally made, regardless of whether such law has been repealed or not. It should be kept in mind that appellant, by the defense attempted to be

made, did not offer evidence to contradict the original application made in 1908, but the renewal applications made in 1920. In our judgment the trial court erred in striking out appellant's notice under the general issue, and in excluding its evidence offered thereunder. Counsel for appellee contends that, although conceding the trial court erred as we have held, the judgment of the court below was justifiable on other grounds. We find no merit in that contention.